UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZONIA GUTIERREZ MARCHANTE<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE and BAC HOME LOANS SERVICING L.P.<br><br>Defendants. | § § § § § § § § § § § § § § Case No. _____ |

## NOTICE OF REMOVAL

Defendants Federal National Mortgage Association ("FNMA") and BAC Home Loans Servicing L.P. ("BAC") (collectively "defendants") hereby remove the action plaintiff Zonia Gutierrez Marchante filed in the 268th District Court of Fort Bend County, Texas, Cause No. 10-DCV-182865, to the United States District Court for the Southern District of Texas under 28 U.S.C. §§ 1332 and 1441 for the reasons explained below.

### I. STATEMENT OF THE CASE

On August 4, 2010, plaintiff commenced a cause of action in the 268th District Court of Fort Bend County, styled *Zonia Gutierrez Marchante v. Federal National Mortgage Association., et al*, Cause No. 10-DCV-182865 ("State Court Action").[1] Plaintiff affirmatively listed the following causes of action in her state court petition: (1) wrongful foreclosure, (2) negligent/intentional misrepresentation, (3) breach of contract 3rd party beneficiary, and (4)

---

[1] A copy of plaintiff's state-court petition in the State Court Action is attached as **EXHIBIT 1**.

Texas Debt Collection Act.[2] Plaintiff also sought injunctive relief as well as exemplary damages and attorney's fees.

## II. BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

### A. The Plaintiff and Defendants Are Citizens of Different States.

Here, the parties are diverse. Plaintiff is a citizen of Texas because that is where she is domiciled.

FNMA is a federally chartered corporation organized under the laws of the United States. FNMA is a citizen of the District of Columbia, and has its principal place of business in the District of Columbia. *See* 12 U.S.C. § 1717(a)(2)(B) ("[FNMA] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction . . . to be a District of Columbia corporation.").

BAC is a citizen of North Carolina. Although BAC is a Texas limited partnership, "[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). BAC has only two partners: BANA LP, LLC, and BAC GP, LLC. "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080 (collecting cases). BANA LP, LLC and BAC GP, LLC are wholly

---

[2] Plaintiff's Pet., ¶¶ VI(a)-(d).

owned by Bank of America, N.A. ("BANA"). BANA is a citizen of North Carolina because that is the location its articles of association establish as its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

**B.     The Amount in Controversy Exceeds $75,000.**

The face of the petition also reveals that the amount in controversy exceeds $75,000.

**1.     Exemplary Damages**

Under Texas law, plaintiff's intentional misrepresentation claim may entitle her to exemplary damages. *See* Tex. Civ. Prac. & Rem. Code § 41.002(a). Plaintiff's prayer includes a request for "exemplary damages."[3] Accordingly, plaintiff's claim, if successful, may alone result in the recovery of more than $75,000.00. *Id.* § 41.008(a) (limiting exemplary damages to the greater of (1) damages of *twice* the amount of economic damages, *plus* any noneconomic damages, up to $750,000, or (2) $200,000) (emphasis added).

"[A] request for punitive damages in itself may, under certain circumstances, support a finding that it is 'facially apparent' the amount in controversy exceeds the threshold amount." *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Therefore, even if plaintiffs' actual damages are less than $75,000, "exemplary damages could easily inflate [their] potential recovery to well over $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[3] *Id.*, ¶ VIII.

In *U.S. Fire Insurance Co. v. Villegas*, 242 F.3d 279 (5th Cir. 2001), the court held that the plaintiff's claim of punitive damages entitled defendant's to remove to federal court, despite actual damages tallying less than $75,000. The court looked to the plaintiff's complaint, where plaintiff asserted defendant acted fraudulently, and concluded that the potential for punitive damages increased the amount in controversy over $75,000. *Id.* at 284; *see also Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y*, 64 S. Ct. 5 (1943)).

Thus, it is more than conceivable that the plaintiff's total damages will exceed the jurisdictional amount.

### 2. Object of the Litigation

Plaintiff also seeks injunctive relief to maintain possession of the property.[4] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The amount in controversy for declaratory relief is the value of the right to be protected, which would be the fair market value of the property. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d. 1250, 1252-53 (5th Cir. 1998). The object of this litigation—plaintiff's property—is currently appraised at $137,080 according to the Fort Bend County Appraisal District.

### 3. Texas Debt Collection Act

Moreover, plaintiff's complaint contains a claim for a violation of the Texas Debt Collection Act ("TDCA").[5] *See* Tex. Fin. Code Ann. § 392.404(a) (Vernon 2006) (providing that a violation of the TDCA is actionable under the DTPA, and entitles a plaintiff to damages

---

[4] *See* EXHIBIT 2.
[5] *Id.*, ¶ VI(d).

under DTPA if proven). A violation of the DTPA permits a maximum award of three times the amount of economic damages for a knowing violation. Tex. Bus. & Comm. Code §§ 17.46, 17.50(b)(1); *Dal-Chrome Co. v. Brenntag Southwest, Inc.*, 183 S.W.3d 133 (Tex. App.—Dallas 2006, no pet.).

Prevailing on her TDCA claim would also entitle plaintiff to an award of attorney's fees. *See* Tex. Fin. Code Ann. § 392.403(b). And attorney's fees are considered in the amount in controversy. *See, e.g., Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873–74 (5th Cir. 2002) (holding attorney's fees are included in the amount in controversy calculus).

Accordingly, the Court may exercise diversity jurisdiction over this action.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely under 28 U.S.C. § 1446(b). Although there is no indication as to whether or when FNMA or BAC were served, there is no evidence either was served more than thirty days before the date of this removal. Moreover, all defendants have consented to this removal through their joint counsel. *See, e.g., Nixon v. Wheatley*, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005). Notice has been sent to the state court regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action, or sent by facsimile to defendants in the State Court Action, are attached hereto as **EXHIBITS 1-2**.

### IV. CONCLUSION

The Court may exercise diversity jurisdiction over this action. Plaintiff is completely diverse from defendants. And, based on plaintiff's claims for violations of the TDCA as well as her seeking exemplary damages, injunctive relief, and attorney's fees, the amount in controversy exceeds $75,000.

Date: August 26, 2010                              Respectfully submitted,

                                                   _____
                                                   C. Charles Townsend
                                                   SBN: 24028053  FBN: 1018722
                                                   AKERMAN SENTERFITT, LLP
                                                   Plaza of the Americas, Suite S1900
                                                   600 North Pearl Street
                                                   Dallas, Texas 75201
                                                   Telephone: 214.720.4300
                                                   Facsimile:  214.981.9339
                                                   **ATTORNEYS FOR DEFENDANTS
                                                   FEDERAL NATIONAL MORTGAGE
                                                   ASSOCIATION and BAC HOME
                                                   LOANS SERVICING, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, a true and correct copy of the foregoing instrument was served either through the court's electronic filing system or by certified mail, return receipt requested, as follows:

P. Blake Henshaw
Mills & Henshaw, PLLC
1560 West Bay Area Blvd.
Suite 260
Friendswood, Texas 77546
*Attorney for Plaintiff*

                                                   _____
                                                   C. Charles Townsend