UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ZONIA GUTIERREZ MARCHANTE | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. _____ |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE and BAC HOME LOANS SERVICING L.P., | § § § § § | |
| Defendants. | § § | |

## EXHIBIT INDEX

Plaintiff's Original Petition ................................................................................................1

Plaintiff's Application For Temporary Restraining Order,
    Temporary Injunction and Permanent Injunction ...........................................................2

Request for Process............................................................................................................3

Temporary Restraining Order ............................................................................................4

Citations..............................................................................................................................5

Docket Sheet.......................................................................................................................6

Civil Cover Sheet................................................................................................................7

# EXHIBIT 1

Cause No: 10-DCV--182865

| | | |
|---|---|---|
| Zonia Gutierrez Marchante § | | IN THE DISTRICT COURT OF |
| PLAINTIFF § | | |
| § | | |
| § | | |
| § | | |
| VS. § | | FORT BEND COUNTY, TEXAS |
| § | | |
| FEDERAL NATIONAL MORTGAGE § | | |
| ASSOCIATION a/k/a FANNIE MAE § | | |
| and BAC HOME LOANS SERVICING § | | |
| L.P. § | | 268th JUDICIAL DISTRICT |
| DEFENDANTS § | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW ZONIA GUTIERREZ MARCHANTE, the Plaintiff, and complains of FEDERAL NATIONAL MORTGAGE CORPORATION and BAC HOME LOANS SERVICING, L.P., and for cause of action shows:

### I. DISCOVERY CONTROL PLAN

Plaintiff believes that the discovery should be conducted in accordance with the discovery control plan described in Rule 190.3 of the Texas Rules of Civil Procedure (Level 2).

### II. PLAINTIFF

Zonia Gutierrez Marchante is a natural Person who resides in Arcola, Fort Bend County Texas. She is in every way competent to file and prosecute this Lawsuit.



10-DCV-182855
ORPE
Original Petition
577990

## III. DEFENDANTS

Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (Federal), a/k/a FANNIE MAE is an entity doing business in the State of Texas, and may be served with process by serving the registered agent Steven Gracin, 13455 Neol Rd, Ste. 100, Dallas, Texas 75240, its registered office.

Defendant BAC Home Loans Servicing, L.P. is an entity doing business in Texas and can be served with process through their Registered Agent, CT Corporation Systems, 350 N. St. Paul Street Ste. 2900 Dallas, TX 75201.

## IV. VENUE AND SUBJECT MATTER JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendant is a Texas resident. Venue in FORT BEND County is proper in this cause under Section 15.035(b) of the Texas Civil Practice and Remedies Code because this action involves a contractual obligation in connection with a consumer transaction and Plaintiff herein, signed the contract in this county. The real property subject to this suit is located in this county.

## V. FACTS

Plaintiff Zonia Gutierrez Marchante has a property interest in the property commonly known as and located at 322 Texas Avenue, Arcola TX 77583, Fort Bend County Texas and more specifically described as:

> LOT THIRTEEN (13), IN BLOCK FOURTEEN(14), OF PINEDALE MANOR,
> A SUBDIVISION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE

MAP OR PLAT THEREOF RECORDED IN VOLUME 6, PAGE 18 OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

Plaintiff bought the property on December 5, 2006. Although the property was sold in the foreclosure on July 6, 2010, the foreclosure was wrongful and occurred as a result of misrepresentations and deceit.

Plaintiff had fallen behind several month in payments when her boyfriend of sixteen years and co-support for the household, lost his job. Plaintiff and Defendant BAC Home Loans Servicing LP began the process of modifying the mortgage as was required for Federal Guidelines of the Home Affordability Modification Program. Plaintiff's hired Jose Alcala to act as their agent in help with the process of submitting documents and dealing with Defendant BAC during the modification process.

Mr. Alcala, Plaintiff's agent a former mortgage broker, used his experience in lending and dealing with mortgage companies to deal with BAC. Mr. Alcala submitted all the documents required and on June 26th Defendant BAC sent the agreement to modify the mortgage which had to be notarized and returned by July 1st. At this time Mr. Alcala speaking with an agent for Defendant BAC inquired about the pending foreclosure scheduled for July 6th. Plaintiff's agent repeatedly reassured Mr. Alcala that since the loan was in the process of being modified it was pulled from foreclosure and the notice was just automatically generated.

Mrs. Gutierrez signed and notarized the modification agreement on June 28, 2010 and dropped the paperwork in a Fedex drop box. Unfortunately the shipping label fell off of the paperwork and fedex did not forward the paperwork. Mr. Alcala on Plaintiff's behalf called BAC daily to see if they had copies of the paperwork and to make sure that the house would not be sold in foreclosure on July 6th. BAC's agents indicated that they did not have the paperwork yet but were adamant that the property had been pulled from the foreclosure listing.

Plaintiff's were finally able to locate the paperwork being held at a Fedex office and had it forwarded to Defendant BAC on or about July 1st. Unfortunately BAC was closed the following Monday July 5th due to the holiday and Plaintiff was unable to reach them to determine whether the paperwork had been received. The next day July 6th despite repeated assurances to the contrary Plaintiffs home was sold at the foreclosure sale.

## VI. CAUSES OF ACTION
### a. Wrongful Foreclosure

The Deed of Trust and the Texas Property Code require that the provisions for cure when consensually provided for in residential property transactions must be strictly followed

Federal guidelines further provide that no foreclosure sale may take place while the loan is under modification or before the loan has been properly reviewed for modification. If a modification is denied, mortgagors have thirty days to respond to the denial. The foreclosure sale cannot go forward until the modification process has failed and all requisites of the foreclosure sale have been met.

Plaintiff has an interest in the property. In this cause of action, Plaintiff claims Defendant wrongfully terminated her interest in said property in (1) not providing proper notice of the foreclosure complained of above, (2) negligently or intentionally not removing the property from foreclosure while the modification process continued, (3) not following the procedures for cure laid out be the Deed of Trust, the Texas Property Code and Texas case law, and (4) failing to follow federal guidelines for modification and foreclosure procedures.

b.  <u>Negligent/Intentional Misrepresentation</u>

Defendant negligently or intentionally represented to Plaintiff's agent, repeatedly that the property would not be sold in the foreclosure sale of July 6, 2010. Despite these hollow promises made numerous times the property was sold at foreclosure sale.

c.  <u>Breach of Contract 3rd Party Beneficiary</u>

Upon Information and Belief Defendant BAC, as a loan servicer signed a HAMP Servicer Participation Agreement with Defendant Federal. As a condition of that agreement servicers must comply with directives. Such Directives State:

**Temporary Suspension of Foreclosure Proceedings**
To ensure that a borrower currently at risk of foreclosure has the opportunity to apply for the HAMP, servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program and, if eligible, an offer to participate in the HAMP has been made. Servicers must use reasonable efforts to contact borrowers facing foreclosure to determine their eligibility for the HAMP, including in-person contacts at the servicer's discretion. Servicers must not conduct foreclosure sales on loans previously referred to foreclosure or refer new loans to foreclosure during the 30-day period that the borrower has to submit documents evidencing an intent to accept the Trial Period Plan offer. Except as noted herein, any foreclosure sale will be suspended for the duration of the Trial Period Plan, including any period of time between the borrower's execution of the Trial Period Plan and the Trial Period Plan effective date. *See Home Affordable Modification Program* Directive 09-01 found at https://www.hmpadmin.com/portal/programs/directives.html.

As these directives were meant to benefit distressed homeowners, as such my Gutierrez as an intended beneficiary of the program, was harmed with BAC Home Loan Servicing, breached its agreement in not suspending the foreclosure during the modification process.

### d. Texas Debt Collection Act

Plaintiff is a consumer as is defined by Section 392.001 of the Texas Finance Code. Defendant BAC has attempted to collect an alleged obligation that is a debt as defined by Section 392.001(2) of the Texas Finance Code, and Defendant is a Debt Collector as defined by Section 392.001 (6) of the Texas Finance Code.

Defendant violated the Texas Finance Code by fraudulent, deceptive, or misleading representations by using false representations and deceptive means to collect a consumer debt, in violation of Tex. Fin. Code Ann. § 392.304(a)(19).

Threatening to take (and taking) an action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

## VII. ATTORNEYS FEES

In the event that Defendant prevails on any of the above-stated legal theories, she is entitled to recover reasonable and necessary attorney's fees through trial and any subsequent appeals.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff answer this suit, and that upon final hearing hereof, that she be granted judgment for actual, consequential, and exemplary damages, interest, attorney's fees, costs of court. Defendant further prays for all such other and further relief, at law or in equity, as to which she may be justly entitled.

Respectfully submitted,


Mills & Henshaw, PLLC
By: _____
P. Blake Henshaw
Texas Bar No. 24059925
1560 West Bay Area Blvd.
Suite 260
Friendswood, Texas 77546
Tel. (281) 497-2650
Fax. (281) 497-2690
Attorney for Plaintiff
Zonia Gutierrez Marchante

FILED
2010 AUG -4 AM 10: 42
CLERK DISTRICT COURT

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas. This 25 day of August, 2010.
ANNIE REBECCA ELLIOTT, DISTRICT CLERK