UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **ZONIA GUTIERREZ MARCHANTE** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:10-cv-03086 |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE and BAC HOME LOANS SERVICING L.P.** | § § § § § | |
| **Defendants.** | § § | |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants Federal National Mortgage Association ("FNMA") and BAC Home Loans Servicing L.P. ("BAC") (collectively "defendants") answer the allegations in plaintiff's original petition as follows.

### I. ADMISSIONS AND DENIALS

1. No response is needed to paragraph 1, which begins COMES NOW . . . . To the extent that a response is necessary, defendants deny the allegations.

2. No response is needed to paragraph 2, but to the extent that a response is necessary, defendants deny the allegations.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Defendants admit the allegations made in paragraph 4, which begins page 2.

5. Defendants admit the allegations made in paragraph 5.

6. Defendants admit the allegations made in paragraph 6.

7. Defendants admit the allegations made in paragraph 7.

8. Defendants admit the plaintiff financed the referenced property. Defendants deny the remaining allegations in paragraph 8 which is the first full paragraph on page 3.

9. Defendants deny the second sentence contained in paragraph 9. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9.

10. BAC considered modification of the loan referenced in the first sentence of paragraph 10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they pertain to Mr. Alcala's actions. Defendants deny the remainder of paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12, which begins page 4.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit there are "[f]ederal guidelines" regarding mortgage servicing. The paragraph is otherwise too vague for defendants to formulate a response. Accordingly, defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16, which begins page 5.

17. Defendants lack knowledge or information sufficient to forma belief about the truth of the allegations in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19, which begins page 6.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

Anything not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

24. Plaintiff failed to state a cause of action upon which relief can be granted.

25. Plaintiff's claim for damages is barred, in whole or in part, by defendant's claim for offset.

26. Plaintiff's claims are barred, in whole or in part, for plaintiff's failure to mitigate her damages.

27. Plaintiff's claims are barred, in whole or in part, by statutes of limitation.

28. Plaintiff's claims are barred, in whole or in part, for failure to perform conditions precedent.

29. Defendants are not liable to the plaintiff because her claims are barred, in whole or in part, by her failure to mitigate her damages

## PRAYER

For the above-state reasons, defendants ask the court to do the following:

- Render judgment that plaintiff take nothing.

- Dismiss the plaintiff's suit with prejudice.

- Assess costs against plaintiff.

- Award defendants all other relief the court deems appropriate.

Dated: October 22, 2010               Respectfully submitted,

                                      */s/ C. Charles Townsend*
                                      C. Charles Townsend, SBN: 24028053
                                      AKERMAN SENTERFITT, LLP
                                      Plaza of the Americas, Suite S1900
                                      600 North Pearl Street
                                      Dallas, Texas 75201
                                      Telephone: 214.720.4300
                                      Facsimile: 214.981.9339

                                      **ATTORNEYS FOR DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION and BAC HOME LOANS SERVICING, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, a true and correct copy of the foregoing instrument was served through the court's electronic filing system or by certified mail, return receipt requested, as follows:

P. Blake Henshaw
Mills & Henshaw, PLLC
1560 West Bay Area Blvd.
Suite 260
Friendswood, Texas 77546.
*Attorney for Plaintiff*


                                      */s/ C. Charles Townsend*
                                      C. Charles Townsend