IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Zonia Gutierrez Marchante** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | Civil Action No. 4:10-cv-03086 |
| | § | |
| **Federal National Mortgage Association, et. Al** | § | |
| **Defendant** | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) OF FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party**.

   Meeting held on December 7, 2010 via telephone.  P. Blake Henshaw attended for Plaintiff. Joshua Bennett attended for Defendants.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Plaintiffs originally filed their action in the 268th Judicial District Court Fort Bend County Texas, styled *Zonia Guiterrez Marchante v. Federal National Mortgage Association a/k/a Fannie Mae and BAC Home Loans Servicing, LP*, Cause No. 2010CI-13332.  Defendants removed the case on August 26, 2010.

3. **Briefly describe what this case is about.**

   Plaintiff contends this case is about defendant BAC Home Loans as loan servicer Federal National Mortgage Association making misrepresentations to the plaintiff's about the status of their mortgage loan, and using fraudulent documents to foreclose. BAC Home Loans also failed to follow federal guidelines that require loans to be considered for modification when the underlying note is owned by a government owned entity. Lastly it is for unreasonable collection efforts on behalf of loan servicer BAC home Loans.

   Defendants maintain plaintiffs contentions are merely allegations and defendants wholly deny plaintiff's allegations.

4. **Specify the allegation of federal jurisdiction.**

   Defendants contend the court has diversity jurisdiction because the parties are completely diverse, and the amount in controversy exceeds $75,000 due to plaintiff's injunctive request to maintain possession the property worth $137,080 and request for exemplary damages.

5. **Name the parties who disagree and the reasons**.

   Plaintiff  Zonia Gutierrez Marchante denies Federal Jurisdiction is proper in this case

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None known of at this time.

7. **List anticipated interventions.**

   None known of at this time.

8. **Describe class-action issues.**

   None known of at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures**.

   The parties agree to exchange the initial Rule 26(a) disclosures by January 3, 2011.

10. **Describe the proposed agreed discovery plan, including:**

    a.  Responses to all the matters raised in Rule 26(f).

        (i)     **Rule 26(f)(3)(B):** Discovery will be needed as to matters relevant to the loan and foreclosure action at issue.  The parties anticipate discovery will be completed by May 2, 2011.  The parties do not anticipate needing to conduct discovery in phases.

        (ii)    **Rule 26(f)(3)(C)**: None.

        (iii)   **Rule 26(f)(3)(D)**: At this time, the parties do not anticipate needing to resolve issues of privilege or work-product.

        (iv)    **Rule 26(f)(3)(E)**: The parties believe changes should not be made in the limitations on discovery under either the Federal or Local Rules.

(v) **Rule 26(f)(3)(F)**: At this time, the parties are not aware of any orders that should issue under Rule 26(c) or Rule 16(b) or (c).

(vi) **Rule 26(f)(4)**: No expedited discovery is being sought by either party.

b. **When and to whom the plaintiff anticipates it may send interrogatories.**

To BAC Home Loans and Federal National Mortgage Association by January 31, 2011.

c. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants may send interrogatories to plaintiffs by March 1, 2011.

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Corporate representatives of BAC Home Loans and Federal National Mortgage Association by May 1, 2011

e. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of each plaintiff by May 1, 2011.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

July 1, 2011.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None at this time. Defendants reserve the right to amend this response in the event plaintiff designates an expert witness(es).

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None at this time. Defendants reserve the right to amend this response in the event plaintiff designates an expert witness(es).

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   The parties agree on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None

**13. State the date the planned discovery can reasonably be completed.**

   Plaintiff anticipates completion by September 1, 2011.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   The parties are hopeful that continued informal settlement discussions may fully resolve the instant dispute without further intervention of the court or a court-appointed mediator

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Plaintiff' attorney  has spoken to Defendants attorneys about possible settlement by modifying the original loan.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Mediation would be suitable for Plaintiff after discovery is completed.  The defendants believe nonbinding mediation by June 1, 2011, is a reasonably suitable alternative dispute resolution technique.

**17. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties cannot agree on this issue.

**18. State whether a jury demand has been made and if it was made on time.**

   A jury demand has not been made to date.

**19. Specify the number of hours it will take to present the evidence in this case.**

   Unknown at this time until further discovery is completed.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.


**21. List other motions pending.**

   None.  Plaintiff intends to file a Motion to Remand.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   None known at this time.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

   Defendant filed their Disclosure of Interested Persons on August 26, 2010.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel**

**Counsel for Plaintiff**

   P. Blake Henshaw
   24059925
   1560 W. Bay Area Blvd. Ste. 260
   Friendswood, TX 77546
   281-497-2650 Office
   832-315-4394- Cell
   Facsimile 281-497-2690

**Counsel for Defendants**

   C. Charles Townsend
   SBN:  24028053; FBN:  1018722
   charles.townsend@akerman.com
   Joshua J. Bennett
   SBN: 24059444;  FBN: 1048588
   joshua.bennett@akerman.com
   AKERMAN SENTERFITT, LLP
   600 N. Pearl St., Ste. S1900
   Dallas, TX 75201
   (214) 720-4302 (Telephone)
   (214) 981-9339 (Fax)

| | |
|---|---|
| */s/ P. Blake Henshaw* | *12/7/10* |
| Counsel for Plaintiff | Date |
| | |
| */s/ Joshua J. Bennett* | *12/7/10* |
| Counsel for Defendants | Date |